UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――

NEXT GENERATION TECHNOLOGY,
INC., and PUSPITA DEO,

                          Plaintiffs,

                - against -

UR M. JADDOU, Director, U.S. Citizenship
and Immigration Services, et al.,[1]

                         Defendants.

**ORDER**

21 Civ. 1390 (PGG) (RWL)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiffs Next Generation Technology, Inc. and its employee, Puspita Deo, challenge a decision by the U.S. Citizenship and Immigration Services ("USCIS") to revoke its approval of H-1B status for Deo.  Deo is a citizen of India and is the beneficiary of a petition submitted by Next Generation for H-1B non-immigrant status for specialty occupation employment.  USCIS approved the petition in 2009 but later revoked its approval.  (Cmplt. (Dkt. No. 1) ¶¶ 19, 28)  In the Complaint, Plaintiffs seek a declaration that the revocation was unlawful and an order "reinstat[ing] DEO in H-1B status immediately."  (Id. ¶¶ 218-20)

        The Complaint was filed on February 17, 2021.  (Cmplt. (Dkt. No. 1))  On August 17, 2021, Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  (Dkt. No. 26)  This Court referred Defendants' motion to Magistrate Judge Robert W. Lehrburger for a Report and Recommendation ("R&R").  (Dkt. No. 30)  On May 12, 2022, Judge Lehrburger issued a 27-page R&R recommending that the Defendants' motion to dismiss be granted for lack

―――――――――――――――――――――

[1] Ur M. Jaddou, Alejandro Mayorkas, and Merrick Garland are automatically substituted for original Defendants Larry C. Denayer, Peter T. Gaynor, and Jeffrey Rosen.  See Fed. R. Civ. P. 25(d).

of subject matter jurisdiction. (R&R (Dkt. No. 31)) Plaintiffs submitted objections to the R&R. (Pltf. Objs. (Dkt. No. 37))

For the reasons stated below, Plaintiff's objections will be overruled, and Judge Lehrburger's recommendation that the Complaint be dismissed for lack of subject matter jurisdiction will be adopted.

## BACKGROUND

**I.    FACTS[2]**

Next Generation is a computer software consulting company. The Company employs Deo and is the sponsor of a 2009 H-1B petition, filed via Form I-129, to employ Deo as a computer programmer for three years. (Cmplt. (Dkt. No. 1) ¶¶ 7, 16)

On July 27, 2009, USCIS approved Next Generation's petition, thus authorizing Deo to apply for an H-1B visa at a U.S. consulate. (Cmplt. (Dkt. No. 1) ¶ 19) Deo did not apply for an H-1B visa through a U.S. consulate, however. She instead entered the United States on November 22, 2009, as a "Nonimmigrant Visitor," which corresponds to a status of B-2. (Id.)

On March 1, 2010, Next Generation filed an amended H-1B petition with USCIS to amend Deo's status from B-2 to H-1B specialty worker. (Id. ¶ 20) USCIS denied the amended petition for failure to submit the $1,500 filing fee, prompting Next Generation to file a second amended petition with the required fee. (Id. ¶¶ 21, 22) On August 2, 2010, USCIS

---

[2]  Because the parties have not objected to the R&R's factual statement, this Court adopts it in full. (R&R (Dkt. No. 31) ¶¶ 2-7) See Syville v. City of New York, No. 20-CV-4633 (PGG)(JLC), 2022 WL 16541162, at *1 (S.D.N.Y. Oct. 28, 2022) ("Because the parties have not objected to Judge Cott's factual statement, this Court adopts it in full."); See Silverman v. 3D Total Solutions, Inc., No. 18-CV-10231 (AT), 2020 WL 1285049, at *1 n.1 (S.D.N.Y. Mar. 18, 2020) ("Because the parties have not objected to the R&R's characterization of the background facts . . . , the Court adopts the R&R's 'Background' section and takes the facts characterized therein as true."); See Hafford v. Aetna Life Ins. Co., No. 16-CV-4425 (VEC)(SN), 2017 WL 4083580, at *1 (S.D.N.Y. Sept. 13, 2017) ("The parties do not object to the Magistrate Judge's excellent recitation of the facts of this case, and the Court adopts them in full.").

issued a request for evidence regarding the second amended petition.  Next Generation filed a response on September 10, 2010.  (Id. ¶¶ 23, 24)  USCIS then determined that Next Generation had provided false information in its second amended petition and issued a Notice of Intent to Revoke the approval of the initial H-1B petition.  (Id. ¶ 25)

On October 18, 2010, Next Generation provided additional information and evidence to USCIS in response to the Notice of Intent to Revoke.  (Id. ¶ 26)  However, on November 30, 2010, USCIS revoked approval of the initial H-1B petition, and on December 14, 2010, USCIS denied Next Generation's second amended petition as being "the same or similar" to the initial petition for which approval had been revoked.  (Id. ¶¶ 28-31)

On December 16, 2010, Next Generation filed an appeal with the Administrative Appeals Office challenging USCIS's revocation of the approval for the initial H-1B petition.  (Id. ¶ 32)  On November 3, 2012, the Administrative Appeals Office dismissed the appeal, finding that Next Generation had not demonstrated that (1) Deo's position qualified as a "specialty occupation"; or (2) a "credible offer of H-1B caliber employment existed at the time of the filing and for the duration of the beneficiary's stay."  (Id. ¶ 32; Certified Admin. Record (Dkt. No. 23-2) at 25)

On July 20, 2015, Next Generation brought an action in this District alleging that USCIS had acted arbitrarily and capriciously in revoking its approval of the original H-1B petition and in denying the second amended petition.  (Cmplt. (Dkt. No. 1) ¶ 46)  In a September 29, 2017 decision, Magistrate Judge Freeman remanded the case to USCIS for additional administrative proceedings.  (Id. ¶ 48)  See Next Generation Tech., Inc. v. Johnson ("Next Generation I"), 328 F. Supp. 3d 252 (2017).

3

On February 23, 2018 – after remand – USCIS issued a notice of "intent to dismiss and request for evidence" to Next Generation. Next Generation submitted a response to the agency's inquiries, but claimed that the notice of intent was beyond the scope of this Court's remand. (Cmplt. (Dkt. No. 1) ¶¶ 61-64) On July 31, 2019, the Administrative Appeals Office issued a final decision upholding the USCIS's notice of intent to dismiss and concluding that USCIS had properly revoked its approval of Next Generation's initial H-1B petition and properly denied Next Generation's second amended petition. (Id. ¶¶ 65-75)

## II.     PROCEDURAL HISTORY

The Complaint was filed on February 17, 2021, and alleges that USCIS and the Administrative Appeals Office violated Judge Freeman's remand order by ignoring the scope of the remand and raising new grounds for revocation of the initial approval and denial of the second amended petition. (Cmplt. (Dkt. No. 1) ¶¶ 83-85)

On August 17, 2021, Defendants moved to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. (Def. Mot. (Dkt. No. 26)) Plaintiffs filed their opposition on October 1, 2021, and Defendants filed a reply on November 12, 2021. (Pltf. Opp. (Dkt. No. 29); Def. Reply Br. (Dkt. No. 28))

On December 29, 2021, this Court referred Defendants' motion to Judge Lehrburger for an R&R. (Dkt. No. 30) Judge Lehrburger issued an R&R on May 12, 2022, recommending that the Complaint be dismissed for lack of subject matter jurisdiction. (R&R (Dkt. No. 31)) Plaintiffs filed objections to the R&R on July 29, 2022. (Pltf. Objs. (Dkt. No. 37)) On August 12, 2022, Defendants filed a response to Plaintiffs' objections. (Def. Resp. (Dkt. No. 38))

4

**DISCUSSION**

I. **LEGAL STANDARDS**

    A. **Review of a Magistrate Judge's Report and Recommendation**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., No. 09-CV-6241 (RMB)(FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)). A decision is "clearly erroneous" when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks and citation omitted).

Where a timely objection has been made to a magistrate judge's recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "[o]bjections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.'" Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (second alteration in original) (quoting Vega v. Artuz, No. 97-CV-3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)). "To the extent . . . that the party . . . simply reiterates the original arguments, [courts] will review the Report strictly for clear error." IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07-CV-6865

5

(LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citations omitted); see also Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, . . . rehashing . . . the same arguments set forth in the original petition." (quotation marks and citations omitted)).

"Courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." Tavares v. City of New York, No. 08-CV-3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (citation omitted). "The submission of new evidence following [a magistrate judge's R&R] is merited only in rare cases, where the party objecting . . . has offered a most compelling reason for the late production of such evidence, or a compelling justification for [the] failure to present such evidence to the magistrate judge." Fischer v. Forrest, 286 F. Supp. 3d 590, 603 (S.D.N.Y. 2018), aff'd, 968 F.3d 216 (2d Cir. 2020) (quotation marks and citations omitted). Similarly, courts do not consider "'new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.'" United States v. Gladden, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (quoting Hubbard v. Kelley, 752 F. Supp. 2d 311, 313 (W.D.N.Y. 2009)).

B. **Rule 12(b)(1) Motion to Dismiss**

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit ([i.e.,] subject-matter jurisdiction) . . . ." Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Where subject matter jurisdiction is challenged,

6

a plaintiff "bear[s] the burden of 'showing by a preponderance of the evidence that subject matter jurisdiction exists.'" APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (quoting Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003)). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may consider evidence outside the pleadings." Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (citing Makarova, 201 F.3d at 113), aff'd, 561 U.S. 247 (2010).

In ruling on a Rule 12(b)(1) motion, a court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004). The court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but . . . may not rely on conclusory or hearsay statements contained in the affidavits." Id. A court may also "consider 'matters of which judicial notice may be taken.'" Greenblatt v. Gluck, No. 03-CV-597 (RWS), 2003 WL 1344953, at *1 n.1 (S.D.N.Y. Mar. 19, 2003) (quoting Hertz Corp. v. City of New York, 1 F.3d 121, 125 (2d Cir. 1993)).

"Where, as here, the defendant moves for dismissal under Rule 12(b)(1) . . . as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990) (quotation omitted).

1. **Mootness**

Mootness "is a condition that deprives the court of subject matter jurisdiction." Fox v. Board of Trustees of the State University of New York, 42 F.3d 135, 140 (2d Cir. 1994). "The mootness doctrine, which is mandated by the 'case or controversy' requirement in Article III of the United States Constitution, requires that federal courts may not adjudicate matters that

7

no longer present an actual dispute between parties." Catanzano v. Wing, 277 F.3d 99, 107 (2d Cir. 2001). "Thus, when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome, . . . a case is moot, and the federal court is divested of jurisdiction over it." Id. (internal quotation marks and citations omitted).

## II.  ANALYSIS

Judge Lehrburger recommends that this Court grant Defendants' motion to dismiss on the basis that Plaintiffs' claims are moot. (R&R (Dkt. No. 31) at 26)[3]  Judge Lehrburger finds that this Court lacks subject matter jurisdiction over Plaintiffs' claim for H-1B visa status because "[t]he validity period for Deo's unawarded H-1B visa expired over ten years ago, and there no longer are any visa numbers that can be granted for the relevant [time] period." (Id. at 13)  He rejects Plaintiffs' assertion that Defendants' mootness argument is barred by Judge Freeman's 2017 decision (id. at 9), and he finds that the exception for cases that are "capable of repetition, yet evading review" is not available here.  (Id. at 23-25)

### A.  Finding that Plaintiffs' Claims Are Moot Because the Validity Period for Deo's H-1B Petition Has Expired

Defendants argue that "[P]laintiffs' claims are moot because there are no validity dates that can be approved for the Forms I-129."  (Def. Br. (Dkt. No. 27) at 21)  They note that Plaintiffs' Labor Condition Application ("LCA") requested a validity period of October 1, 2009 to September 28, 2012, and that "[a] Form I-129 cannot be approved for a period that 'exceed[s] the validity period of the labor condition application.'"  (Id. at 12, 22 (quoting 8 C.F.R. § 214.2(h)(9)(iii)(A)(1)) (second set of brackets in Defendant's brief))  Defendants also assert that "a start date cannot be backdated."  (Id. at 22)  Given that "there is no live case or controversy as

---

[3] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

to whether USCIS properly denied [Next Generation]'s petitions seeking to employ Deo for [the October 1, 2009 to September 28, 2012] period, . . . the relief sought (i.e., H-1B status with a validity period through September 2012) is no longer available and cannot be awarded."  (Id. at 23)

Judge Lehrburger accepts Defendants' argument, finding that the dispute between the parties is moot because the validity period for Plaintiffs' petition has long since expired. (R&R (Dkt. No. 31) at 13-14, 18)

### 1. **Plaintiffs' Objections**

Plaintiffs object to Judge Lehrburger's recommendation that their claims be dismissed on mootness grounds.

Plaintiffs contend that they "are always free to file a new [LCA] reflecting a change in the years," and they state that they "intend to file such application . . . within the next two [] weeks."  (Pltf. Objs. (Dkt. No. 37) at 2-3)  According to Plaintiffs, this Court can "reinstate [Deo's H-1B] status and order Defendants to approve a new employment starting period for the beneficiary Deo, made contingent on Plaintiffs obtaining a new [LCA] from the U.S. Department of Labor."  (Id. at 3)

Plaintiffs also argue that "the expiration of the initial employment period without an approved H-1B was caused by Defendants . . . .  [and] Defendants should not be allowed to have caused the so-called 'mootness,' and then use the Defendants-created mootness to claim this Court's lack of subject-matter jurisdiction and thus defeat the redressability by this Court of Defendants' wrongs.  This would go against the core of what the United States Constitution stands for."  (Id. at 4)

9

Plaintiffs further contend that – even if the Court cannot reinstate Defendants' petition because of the expired validity period – there is still a live case or controversy because the Complaint seeks an award of costs and attorneys' fees, as well as "'any and all other relief . . . that may be available that this Court deems just and proper,'" which could include nominal damages.  (Id. at 5-6 (quoting Cmplt. (Dkt. No. 1) at 94))

Finally, Plaintiffs argue that their claims are not moot because this Court has the "power to reinstate the petition approval nunc pro tunc to allow Deo a fresh validity period."  (Id. at 7-8 (citing Edwards v. INS, 393 F.3d 299 (2d Cir. 2004)))

### 2. Standard of Review

Plaintiffs' argument that they can file a new LCA merely rehashes an argument they made in their opposition papers, and that Judge Lehrburger rejects.  (Pltf. Opp. (Dkt. No. 29) at 29-31; R&R (Dkt. No. 31) at 14-15 ("There is no LCA supporting a 'fresh' validity period more than ten years later.  Of course, as Plaintiffs recognize, they are free to file a new labor condition application reflecting a change in the years for which the visa is now requested. . . . But that is not the issue before the Court."))

Similarly, Plaintiffs' argument about nunc pro tunc relief echoes the argument they made in their opposition, and cites the same case:  Edwards v. I.N.S.  (Pltf. Opp. (Dkt. No. 29) at 23-24, 30-31 (citing Edwards, 393 F.3d at 308-10))  Judge Lehrburger distinguishes Edwards and rejects Plaintiffs' arguments about nunc pro tunc relief, which they repeat in their objections.  (R&R (Dkt. No. 31) at 14-18 (distinguishing Edwards as involving denial of an alien's right to habeas relief, and stating that "Plaintiffs . . . do not provide any examples of courts granting nunc pro tunc relief in the context of an H-1B petition or for any other visa with an expired validity period"))

10

Plaintiffs' objections regarding the core values of the Constitution and their request for an award of attorneys' fees and costs and/or nominal damages are improperly raised for the first time in response to the R&R. See Gladden, 394 F. Supp. 3d at 480 ("[A] district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (quotation omitted).

Given these circumstances, this Court reviews the R&R's recommendation regarding the expiration of the validity period for clear error only. See Phillips, 955 F. Supp. 2d at 211; IndyMac Bank, 2008 WL 4810043, at *1; Tavares, 2011 WL 5977548, at *2; Gladden, 394 F. Supp. 3d at 480.

\*   \*   \*   \*

In deciding that the expiration of the validity period renders this case moot, Judge Lehrburger cites statutes and regulations providing that an LCA is a "necessary component of an [H-1B] visa petition." (R&R (Dkt. No. 31) at 13 n.9 (citing 8 C.F.R. § 214.2(h)(4)(i)(B)(1) ("Before filing a petition for H-1B classification in a specialty occupation, the petitioner shall obtain a certification from the Department of Labor that it has filed a labor condition application in the occupational specialty in which the alien(s) will be employed.") and 8 U.S.C. § 1182(n) ("No alien may be admitted or provided status as an H-1B nonimmigrant in an occupational classification unless the employer has filed with the Secretary of Labor an application stating [relevant details of the proposed employment].")))  Judge Lehrburger also notes that "[H-1B] visas are approved for a specific period of time not to exceed three years – the validity period [of the LCA]." (Id. at 13 (citing 8 C.F.R. § 214.2(h)(9)(iii)(A)(1) and Dandamudi v. Tisch, 686 F.3d 66, 70 (2d Cir. 2012)))

Because the validity period of Next Generation's petition – under the applicable LCA – "was from October 1, 2009 to September 28, 2012," and because this "period expired almost a decade [before the R&R]," Judge Lehrburger correctly concludes that – even if "the Court were to reinstate the approval of the Initial Petition" – "Deo would have an approved Form I-129 with a valid employment through 2012," which would not be "an effectual remedy." (Id. at 13-14)  The R&R cites case law holding that where the deadline for a petitioner's adjustment of immigration status has passed, the petitioner's request for a court to order a change to his or her immigration status is moot.  (Id. at 14 (citing Zapata v. I.N.S., 93 F. Supp. 2d 355, 358 (S.D.N.Y. 2000) ("Because [the relevant deadline] has passed, the INS cannot now be required to rule by that date on [petitioners'] application for adjustment of status.  Accordingly, [petitioners'] . . . request for injunctive relief is plainly moot. . . .") and Sadowski v. U.S. I.N.S., 107 F. Supp. 2d 451, 454 (S.D.N.Y. 2000) ("When a relevant deadline for adjustment of status has passed, a request for relief is deemed plainly moot, depriving courts of subject matter jurisdiction.")); see also id. at 16-17 (noting that in the diversity visa context, the Second, Fifth, and Eleventh Circuits "have found that challenges to the denial of a . . . status adjustment application become[] moot after the relevant . . . period has expired because the district court can no longer provide meaningful relief") (citing Mohamed v. Gonzales, 436 F.3d 79, 81 (2d Cir. 2006); Ermuraki v. Renaud, 987 F.3d 384, 386 (5th Cir. 2021); and Nyaga v. Ashcroft, 323 F.3d 906, 916 (11th Cir. 2003)))

Judge Lehrburger also correctly concludes that nunc pro tunc relief is not available, finding that "[this] remedy does not . . . have . . . a history as applied to the scenario presented here."  The case law in this Circuit indicates only "the potential, but not guaranteed, availability of nunc pro tunc relief in inapt and exceptional circumstances."  (R&R (Dkt. No. 31)

12

at 15 (citing Edwards, 393 F.3d at 308; and Iavorski v. U.S.I.N.S., 232 F.3d 124, 130 n. 4 (2d Cir. 2000)))

This Court finds no error in Judge Lehrburger's determination that the expiration of the validity period renders the instant dispute moot, and his recommendation on this point will be adopted by this Court.[4]

### B. Finding that Plaintiffs' Claims Are Moot Because There Are No Available H-1B Visa Numbers for the 2009 to 2012 Time Period

Defendants argue that "[P]laintiffs do not have a redressable injury because[, pursuant to the cap on H-1B visas that Congress set,] there are no longer H-1B visa numbers available for the relevant years." (Def. Br. (Dkt. No. 27) at 23) Accordingly, "[e]ven if [Plaintiffs'] April 2009 Form I-129 were re-opened, the relief sought is no longer available due to . . . the lack of available visa numbers. If the Court were to provide declaratory relief despite . . . the fact that the agency cannot grant the requested relief, it would be issuing an advisory opinion." (Id. at 26)

---

[4] As to Plaintiffs' argument that their request for an award of attorneys' fees, costs, and nominal damages presents a live "case or controversy," an "interest in [attorneys'] fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 480 (1990). Likewise, the possibility of nominal damages is an insufficient basis for federal jurisdiction where "there is . . . no specific mention in the Complaint of nominal damages," and "a request for such damages [cannot] be inferred from the language of the Complaint." Fox, 42 F.3d at 141 (quotation omitted). Here, the Complaint does not mention nominal damages, and this Court rejects Plaintiffs' argument that the Complaint's boilerplate request for "any and all other relief" (Cmplt. (Dkt. No. 1) at 94) implies such a request.

Plaintiffs' argument concerning fairness and the core values of the Constitution is vague and conclusory, and they cite no case suggesting that application of the mootness doctrine here violates the Constitution.

For these reasons, even if this Court were to consider Plaintiffs' arguments regarding attorneys' fees and costs, nominal damages, and the core values of the Constitution – arguments that are improperly raised for the first time in Plaintiffs' objections to the R&R – they would not be persuasive.

13

Judge Lehrburger recommends that this Court hold that the lack of available H-1B visa numbers renders the parties' dispute moot:

> It is undisputed that the H-1B numerical cap for Deo's requested validity period had been reached by December 2009.  Deo did not receive any of those numbers.  That is because, although her Initial Petition had been approved, Deo failed to take the necessary steps – attending an interview and providing required documentation at a consulate abroad – to obtain H-1B status in the fall of 2009 or at any time thereafter. . . . In seeking reinstatement of approval of Deo's H-1B status, Plaintiffs essentially ask this Court to ignore the Congressionally-set limits for H-1B visas. . . . [Because] the cap for the relevant years was exhausted long ago, [t]here is no relief the Court can order to "recapture" even one of those for Plaintiffs. . . . In sum, Plaintiffs' claim is moot not only due to expiration of the validity period, but also because the numerical cap for the relevant period was met.

(R&R (Dkt. No. 31) at 19-23 (citations omitted))

Because Plaintiffs do not object to this recommendation, it will be reviewed solely for clear error.  See Gilmore, 2011 WL 611826, at *1.

In concluding that the lack of "cap visa numbers available for the relevant years of Deo's petition [renders the parties' dispute moot]," the R&R cites statutes providing that, from 2009 to 2012 – the relevant time period – the number of H-1B visas was "strictly limit[ed] . . . to no more than 85,000 in each fiscal year."  (R&R (Dkt. No. 31) at 18-19 (citing 8 U.S.C. §§ 1184(g)(1)A)(vii) and (5)(C))  The R&R correctly notes that it is undisputed that there are no longer any visa numbers available for the 2009 to 2012 time period, because the caps were reached long ago.  (Id. at 19; see Def. Br. (Dkt. No. 27) at 23 ("[T]here are no longer H-1B cap visa numbers available for the relevant years."); Pltf. Opp. (Dkt. No. 29) at 12 (referring to "the H-1B cap . . . having been reached long ago"))  Judge Lehrburger goes on to cite case law holding that in such circumstances a visa applicant does not have a redressable injury.  (Id. at 20-21 (citing Nat'l Basketball Retired Players Ass'n v. U.S.C.I.S., No. 16 CV 09454, 2017 WL 2653081, at *4 (N.D. Ill. June 20, 2017) ("This Court cannot raise the numerical caps that

14

Congress has set by statute. To the extent that the petition was for [a] fiscal year [for which the cap has been reached], . . . the plaintiffs lack standing[,] because they have failed to establish that a favorable ruling by this Court is likely to redress their alleged injury."); and Alpha K9 Pet Servs. v. Johnson, 171 F. Supp. 3d 568, 580-81 (S.D. Tex. 2016) (holding that plaintiffs seeking H-2B visas for the 2015 fiscal year "lack[ed] redressability" because "USCIS ha[d] already reached its statutory H-2B visa cap for the 2015 fiscal year"))

Judge Lehrburger also correctly distinguishes Espindola v. United States Dep't of Homeland Sec., No. 120CV1596MADDJS, 2021 WL 3569840 (N.D.N.Y. Aug. 12, 2021)) – cited by Plaintiffs – where the Court rejected a mootness argument, finding that the Government had "'merely received sufficient H-1B petitions to issue the maximum number of visas'" but – unlike here – "had not actually issued the maximum number." (Id. at 22 (quoting Espindola, 2021 WL 3569840, at *3); see Pltf. Opp. (Dkt. No. 29) at 27 (discussing Espindola))

This Court agrees with Judge Lehrburger that because the visa cap number for the relevant time period was reached long ago, Plaintiffs have no redressable injury. Accordingly, Judge Lehrburger's recommendation concerning this point will be adopted.

C.     **Finding that Defendants' Mootness Argument Is Not Precluded**

Plaintiffs contend that Defendants are precluded from arguing mootness because (1) they did not argue mootness before Judge Freeman; and (2) Judge Freeman "already determined that there is subject matter jurisdiction and standing under Article III as a matter of fact and law." (Pltf. Opp. (Dkt. No. 29) at 12)

Judge Lehrburger concludes that the litigation before Judge Freeman presents no bar to Defendants' mootness argument. In so finding, Judge Lehrburger notes that in Next Generation I, "Judge Freeman did not . . . decide the [mootness] issue raised here," but rather "held that [Next Generation] had standing to challenge USCIS' decision." (R&R (Dkt. No. 31)

15

at 10 (citing Next Generation I, 328 F. Supp. 3d at 264-65))  Therefore, "[t]he doctrine of collateral estoppel – or issue preclusion – [] does not apply."  (Id.)  As for Plaintiffs' argument that Defendants waived their mootness argument by not raising it before Judge Freeman, Judge Lehrburger concludes that "Defendants are [not] precluded from asserting the mootness argument merely because they did not do so before Judge Freeman.  Under well-established law, federal subject matter jurisdiction can never be waived or forfeited; a party therefore may raise the issue at any point in a case."  (Id. at 11)

Plaintiffs object to this finding, asserting that "the Southern District Court has already determined that there is subject matter jurisdiction and standing under Article III as a matter of fact and law," and that "[t]he arguments presented now could have been presented when jurisdiction and standing were at issue in prior proceedings and were readily available when the matter was first before the Court."  (Pltf. Objs. (Dkt. No. 37) at 9)  This objection merely rehashes the arguments Plaintiffs made before Judge Lehrburger.  Accordingly, as to this portion of the R&R, this Court conducts only clear error review.  See Ortiz, 558 F. Supp. 2d at 451.

This Court finds no error in Judge Lehrburger's analysis.  Mootness goes to subject matter jurisdiction, and an issue of subject matter jurisdiction can never be waived.  See Fox, 42 F.3d at 140 ("When a case becomes moot, the federal courts lack subject matter jurisdiction over the action.  Defects in subject matter jurisdiction cannot be waived and may be raised at any time during the proceedings.") (quotation omitted); United States v. Bond, 762 F.3d 255, 263 (2d Cir. 2014) ("'The absence of subject matter jurisdiction is non-waivable.'") (quoting Consol. Edison Co. of N.Y. v. UGI Utils., 423 F.3d 90, 103 (2d Cir. 2005)).  Similarly, Plaintiffs' arguments regarding the alleged preclusive effect of Judge Freeman's decision in Next

16

Generation I are not persuasive, because "principles of estoppel do not apply to subject matter jurisdiction determinations." L.A. v. New York City Dep't of Educ., No. 1:20-CV-05616-PAC, 2021 WL 1254342, at *4 (S.D.N.Y. Apr. 5, 2021) (citing Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). For these reasons, this Court will adopt Judge Lehrburger's finding that Defendants' mootness argument is not precluded.

        **D.**        **Finding that the "Capable of Repetition, Yet Evading Review" Exception to Mootness Does Not Apply**

Plaintiffs argue that they "continue to have standing despite the expiration of the period in which Deo initially sought the [H-1B] visa based on the 'exception to mootness for cases capable of repetition, yet evading review,' which 'applies when (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration; and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again.'" (Pltf. Opp. (Dkt. No. 29) at 32 (quoting In re Zarnel, 619 F.3d 156, 162 (2d Cir. 2010)) (further quotation omitted; brackets in Zarnel)) According to Plaintiffs, "[t]he first element is clearly fulfilled since the initial[] validity period has expired, proving far too short to pursue the matter to its conclusion in litigation," and "[t]he second element is also satisfied given the agency's record of ill-treatment of the Plaintiffs' petition from the time it was revoked to the most recent decision on remand from the District Court." Plaintiffs contend that this background supports an inference that "the agency will persist in striking petitions filed by [Next Generation] in the future in a similar manner." (Id. at 32-33, 36 (quotations and brackets omitted))

In his R&R, Judge Lehrburger finds that Next Generation's claim that it will suffer future harm in connection with sponsor petitions it submits on behalf of other individuals is "far too speculative," and that "Plaintiffs do not set forth any factual basis for the claim that they will be victimized again." (R&R (Dkt. No. 31) at 23-24) He therefore concludes that

17

Plaintiffs have not made a "sufficient showing" as to "the reasonable expectation element" and cannot "invoke the exception," even if the first element of the exception – duration – is satisfied. (Id. at 23-25)

>Plaintiffs object to this determination, arguing that

>>[i]f this Court refuses to grant Deo any relief, [she will] start accruing an unlawful presence in the United States, and [USCIS will] undoubtedly initiate removal proceedings against [her] in the Immigration Court. Because the U.S. Department of Justice . . . which has already taken a harsh position toward Plaintiffs, particularly Deo, exerts much influence on the immigration courts and the Board of Immigration Appeals, it is highly likely that Deo will be denied any relief from removal. In turn, Deo's removal will certainly end up again here before this Court or the Second Circuit Court of Appeals, [with the Court asked] to re-examine [the potential] forms [of] relief [from] removal for which [Deo] is eligible, including a new petition for an [H-1B] visa.

(Pltf. Objs. (Dkt. No. 37) at 8)

This argument was not made before Judge Lehrburger, and in any event is speculative. The prospect that USCIS might initiate removal proceedings against Deo in the future, and that an appeal of the outcome of those proceedings might require an Article III court to consider Deo's eligibility for an H-1B visa, requires multiple assumptions and logical leaps. And even assuming arguendo that these future proceedings will take place, a removal proceeding is not the "same action" as a dispute over an H-1B visa petition. Accordingly, Plaintiffs have not "demonstrate[d] that there is a reasonable expectation that [they] will be subjected to the same actions again." (R&R (Dkt. No. 31) at 23)

For these reasons, this Court finds no error in Judge Lehrburger's determination that the "capable of repetition, yet evading review" exception to the mootness doctrine does not apply here.

18

## CONCLUSION

For the reasons stated above, Plaintiffs' objections to the R&R are overruled, and Judge Lehrburger's recommendation that the Complaint be dismissed for lack of subject matter jurisdiction is adopted.[5]  The Clerk of Court is directed to terminate the motion (Dkt. No. 26), to enter judgment, and to close this case.

Dated: New York, New York
       March 18, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

---

[5] The R&R recommends that dismissal be without prejudice. (R&R (Dkt. No. 31) at 26) Because Plaintiffs' claims are moot, however, they are not subject to cure. Accordingly, the Complaint is dismissed with prejudice. See Pierce v. Fordham Univ., Inc., No. 15-CV-4589 (JMF), 2016 WL 3093994, at *7 (S.D.N.Y. June 1, 2016) (denying leave to amend because "'better pleading will not cure' the mootness of Plaintiff's claims against the Government Defendants") (quoting Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)), aff'd, 692 F. App'x 644 (2d Cir. 2017); Rodriguez v. Touchette, No. 5:19-CV-143-GWC-JMC, 2020 WL 2322615, at *7 (D. Vt. May 11, 2020) ("Because [Plaintiff's] action is barred for mootness, failure to exhaust administrative remedies, and the doctrine of sovereign immunity, the defects in his Complaint cannot be cured by amendment."), report and recommendation adopted, No. 5:19-CV-143, 2020 WL 3896848 (D. Vt. July 9, 2020).  The preclusive effect of this ruling is, of course, limited to the facts and analysis underlying the mootness determination. See Hell's Kitchen Neighborhood Ass'n v. Bloomberg, No. 05 CIV. 4806 (SHS), 2007 WL 3254393, at *6 (S.D.N.Y. Nov. 1, 2007) (construing prior discontinuance "with prejudice" on mootness grounds as limited to "the question decided therein, i.e., the mootness of the claims") (quotation omitted); Bank v. Spark Energy Holdings, LLC, No. 13-CV-6130 ARR LB, 2014 WL 2805114, at *4-5 (E.D.N.Y. June 20, 2014) (same).